Edward C. Hopkins Jr. SBN# 028825
Alexandra Tracy-Ramirez SBN# 028570
**HOPKINSWAY PLLC**
7900 E. Union Ave., Ste. 1100
Denver, Colorado 80237
(720) 262-5545 tel | (720) 262-5546 fax
ehopkins@hopkinsway.com
atracyramirez@hopkinsway.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

FireClean LLC, a limited liability company; David Sugg, an individual; and Edward Sugg, an individual;

        Plaintiffs,

        v.

Andrew Tuohy,

        Defendant.

No. 4:16-cv-00604-JAS-EJM

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

      The Plaintiffs, Edward Sugg, David Sugg, and FireClean LLC asked only for confidentiality protections for two expert reports: a report on financial damages and one on chemical comparisons of their product. They did not ask the Court to allow them to withhold the documents or information. They asked that the documents and related information be designated as confidential. The Defendant argued why fictional documents concerning imaginary products should be produced in hypothetical situations. But the Defendant provided no reality-based argument why the actual documents at issue in the Plaintiffs' Motion, documents the Plaintiffs are willing to produce (and have produced in redacted form), should not be treated as confidential.

## I.   FINANCIAL REPORT AND INFORMATION

Dr. Colin Linsley is the expert the Plaintiffs disclosed as an expert witness on damages. He prepared a report specifically for this litigation discussing the company's damages since Mr. Tuohy and Mr. Fennell published disparaging and misleading statements about the Plaintiffs and their product. To be sure, information for years before this case was filed may be covered in documents already provided in the case against Mr. Fennell in the Eastern District of Virginia. But, as the Defendant's excerpted tables show, the current report also contains information for time periods not covered in that case and which has never been previously disclosed (publicly or privately). This is the precise type of information Mr. Tuohy agrees warrants confidential treatment, namely sales and profit and loss information. *See* Def. Resp. to Pltf's Mot. For Protective Order, Doc. 60 at 1:20-22; *see also Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (explaining policy reasons for keeping tax returns confidential); *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 158 (N.D. Cal. 1992) (good cause may be found where a party seeks to protect financial information).

Because the Defendant also agrees "good cause exists to grant a protective order" concerning private financial information, the Plaintiffs ask for a protective order protecting the privacy of the information redacted in the report, any supplements, and any supporting financial documents such as tax statements.

## II.   CHEMISTRY REPORT

Dr. Ron Davis, a disclosed expert witness, is a professor of chemistry who has provided an expert report in this case. In the report, he focused on addressing these major questions: 1) whether it is necessary to know FIREClean®'s formulation to compare it to soybean oil or canola oil; 2) whether FT-IR spectroscopy, the technique Mr. Tuohy used, is a suitable technique for certain purposes; 3) whether disclosed test

1  results show differences among FIREClean® and canola and soybean oils; and 4)

2  whether its possible soybean oil or canola oil are components of FIREClean®. The

3  Plaintiffs can provide the report unredacted for *in camera* review should the Court find

4  it necessary.

5      The Defendant's main arguments against the protective order concern the

6  nature of trade secrets. The arguments are wrong on the law, but more important,

7  inapposite here. They are not necessary to answer the question of whether Dr. Davis's

8  report, or information in it, can be designated as confidential.

9      The Plaintiffs did not ask in their Motion for Protective Order for a ruling that

10  the Plaintiffs have any trade secrets. And the Court need not determine whether the

11  Plaintiffs have any trade secrets before deciding the report and the information it

12  contains can and should be treated as confidential. *Transamerica Life Ins. Co. v. Moore*,

13  No. CIV.A. 10-14-DCR, 2011 WL 97786, at *3 FN3 (E.D. Ky. Jan. 12, 2011) ("In fact,

14  neither the rule nor the relevant case law require a finding of a trade secret to justify a

15  protective order."). All the Plaintiffs have requested about Dr. Davis's report is, when

16  that report be disclosed to the Defendant's counsel in unredacted form, this Court

17  require that the document itself and the information contained therein 1) not leave the

18  possession and control of the Defendant's counsel; 2) be used only in this litigation;

19  and 3) not be disclosed beyond what is absolutely necessary for any defense or claim the

21  Defendant pursues in this litigation and for which no alternative exists.

22      Confidential business information under Fed. R. Civ. P. 26(c)(1)(g) is not limited

23  to trade-secret information. *See Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D.

24  552, 555 FN4 (C.D. Cal. 2007) ("Fed.R.Civ.P. 26(c)(7) does not limit its reach to 'trade

25  secrets,' but also allows for protection of 'confidential commercial information.'

26  Customer/supplier lists and sales and revenue information qualify as 'confidential

27  commercial information.'").

28

1    Orders can be entered protecting the confidentiality of any commercial

2    information, that if disclosed, could create a competitive disadvantage for the party

3    seeking the protective order. *See, e.g., Serv. Employees Int'l Union v. Prime Healthcare*

4    *Servs., Inc.*, No. CIV. S-08-2980LKKCMK, 2010 WL 2843942, at *5 (E.D. Cal. July 19,

5    2010), *aff'd sub nom. Serv. Employees Int'l Union, United Healthcare Workers--W. v.*

6    *Prime Health Care Servs., Inc.*, 456 F. App'x 691 (9th Cir. 2011).

7    Information in Dr. Davis's report, particularly related to whether canola oil or

8    soybean oil could be components of FIRECLEAN®, is information not already in the

9    public eye, the public redisclosure of which could lead to cognizable harms. If not

10   protected, it could reveal information that places FireClean at a competitive

11   disadvantage in the marketplace. Even the Defendant admits the "Plaintiffs may be

12   entitled to a protective order limiting the disclosure of any actual proprietary

13   information they have." (Def. Mot. to Compel, Doc. 61 at 2:19-21) (italics omitted).

14   **III.   NO OTHER GROUNDS FOR CHALLENGING THE ORDER**

15   The Plaintiffs' request for a protective order is a reasonable request, not an

16   overly broad request for an umbrella or blanket order. If a protective order were issued,

17   the Defendant retains the right and ability to ask this Court for a ruling removing the

18   protection from certain information contained in either document or a document in its

19   entirety. The Defendant's Response offered no argument why this commonplace

20   procedure for protecting and, if warranted, releasing otherwise-confidential information

21

22   is inadequate or inappropriate.

23   In his Response, the Defendant never questioned or contested the Plaintiffs'

24   sworn assertions the information to be protected would cause commercial harm should

25   it be publicly-disclosed or obtained by FireClean's competitors. The Defendant offered

26   no articulable purpose in making such information public. He did not mention how or

27   why he would need to use the information outside the context of litigation. He made no

28

1  argument about how or why the public must (or even should) have access to the

2  confidential information the Plaintiffs have asked be protected. The Plaintiffs have

3  established good cause for a limited protective order covering the two reports and the

4  information in them.

5  **IV.    CONCLUSION**

6          The Plaintiffs have good cause to seek reasonable protective measures for the

7  confidential business and financial information contained in the two expert reports

8  referenced in the Motion. This Court has broad discretion to create and enact

9  protective orders and the Plaintiffs respectfully request it limit the use and disclosure of

10  the two reports and the information in them.

11          DATED: February 16, 2018.

12                                              **HOPKINSWAY PLLC**

13                                              *s/ Edward C. Hopkins Jr*
                                               *s/ Alexandra Tracy-Ramirez*
14                                              Edward C. Hopkins Jr.
                                               Alexandra Tracy-Ramirez
15                                              *Attorneys for Plaintiffs*

16

17

18

19

21

22

23

24

25

26

27

28                                     -5-

# CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

David S. Gingras
Gingras Law Office, PLLC
4802 E. Ray Road #23-271
Phoenix, AZ 85044
David@GingrasLaw.com

I also certify I delivered a copy of the foregoing document by mail or private carrier to:

Honorable Eric J. Markovich
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 3160
Tucson, AZ 85701-5054


s/ Alexandra Tracy-Ramirez